**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2003**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ALEX WOODS, JR.,

       Plaintiff - Appellee,

v.

CITY AND COUNTY OF DENVER, a
municipal corporation,

       Defendant - Appellant,

and

THE CIVIL SERVICE COMMISSION,
of the City and County of Denver,
UNITED STATES OF AMERICA, and
the Bureau of Alcohol, Tobacco and
Firearms, an agency thereof,

       Defendants.

---

COLORADO WOMEN'S BAR
ASSOCIATION,

       Amicus Curiae.

No. 02-1103
(D.C. No. 00-S-2101)
(D. Colorado)

---

## ORDER AND JUDGMENT[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRISCOE**, **ANDERSON** and **LUCERO**, Circuit Judges.

The City and County of Denver appeals the district court's grant of declaratory relief pursuant to 28 U.S.C. § 2201 by its interpretation of the phrase "person similarly situated to a spouse" in 18 U.S.C. § 921(a)(33)(A)(ii). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and conclude the district court was without jurisdiction to rule. As a result, we remand to the district court with directions to vacate its ruling.

I.

Alex Woods, Jr., is a former police officer for the City and County of Denver. On May 12, 1995, he was convicted by a jury of third-degree assault, a misdemeanor under Colorado law. The victim was Woods' girlfriend at the time of the incident. The Lautenberg Amendment to the Gun Control Act of 1968 makes it unlawful for certain persons convicted of misdemeanor crimes of domestic violence to possess or receive firearms. 18 U.S.C. § 922(g)(9). The City and County of Denver concluded that, in light of the Lautenberg Amendment, Woods' conviction disqualified him from further employment with the police department.[1]

Woods appealed his disqualification to the Civil Service Commission. A hearing

---

[1] Law enforcement officers are not entitled to a public interest exception to the firearms disability. 18 U.S.C. § 925(a)(1).

officer concluded that Woods' conviction was not a misdemeanor crime of domestic violence under the Lautenberg Amendment because he was not "similarly situated to a spouse . . . of the victim" on the date of the predicate offense, and 18 U.S.C. § 921(a)(33)(A)(ii) was inapplicable to persons who previously were so situated. The hearing officer ordered Woods reinstated with backpay and benefits. In September 2000, the Commission reversed the hearing officer's decision, concluding it should defer to the Bureau of Alcohol, Tobacco, and Firearms' (BATF) October 1998 advisory opinion interpreting the phrase "similarly situated to a spouse" to apply to "anyone who was domiciled in an intimate relationship with the victim of the offense either at the time of, or at any time prior to the offense." Supp. App. at 53.

In October 2000, Woods filed a federal complaint against the City and County of Denver, the Commission, the United States, and the BATF, citing U.S.C. §§ 1331, 1343, and 1346 as the jurisdictional bases for his complaint. In his first cause of action filed against all defendants, Woods sought declaratory relief pursuant to 28 U.S.C. § 2201, asking the court to declare that he was not subject to the Lautenberg Amendment. Specifically, he sought a declaration that his state law conviction was not a "misdemeanor crime of domestic violence" under the Lautenberg Amendment because, at the time of the predicate offense, he and the victim were not "in a relationship similarly situated to a spousal relationship." Aplt. App., Complaint at 10. In his second, third, and fourth causes of action against all defendants, Woods also asked the court to declare that the

Lautenberg Amendment violated his constitutional rights to equal protection, to bear arms, and to due process. In his fifth cause of action against defendant City and County of Denver, Woods requested that the district court exercise supplemental jurisdiction over his Colorado Rule of Civil Procedure 106(a) appeal of the Commission's September 2000 decision.[2] Woods' sixth cause of action alleged that the City and County of Denver had violated 42 U.S.C. § 1983 by infringing upon his substantive and procedural due process rights.

On November 14, 2001, the district court granted summary judgment in favor of all defendants on Woods' second, third, and fourth causes of action, and in favor of the City and County of Denver on his sixth cause of action. The court declined to exercise supplemental jurisdiction over his Rule 106(a) appeal (the fifth cause of action) and dismissed that claim without prejudice.[3] On his first cause of action, the court questioned whether it had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, or 1346 because the claim did not appear to involve a question of federal law or assert a violation of civil rights. The court ordered Woods to show cause why it should not dismiss the claim for lack of jurisdiction. See Aplt. App., Order at 4.

---

[2] Colorado Rule of Civil Procedure 106(a)(4)(I) provides for judicial review of the Commission's decision, "limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer."

[3] On November 19, 2001, Woods filed his Rule 106(a) appeal in state district court.

On January 3, 2002, the district court determined that "[t]o the extent [Woods] seeks construction of the statutory language itself, the court clearly ha[d] jurisdiction pursuant to 28 U.S.C. § 1331," Supp. App. at 77, and denied defendants' motion to dismiss "to the extent [it] concern[ed] the construction of the federal statute," id. at 81. Based on the plain language of the statute, the court construed the phrase "similarly situated to a spouse" to apply "only to persons who are *currently* similarly situated to a spouse" at the time of the underlying offense. Id. at 79 (emphasis in original). However, since it declined to exercise supplemental jurisdiction over Woods' Rule 106(a) appeal, the court noted that "[w]hether [Woods] falls within the statute, under that construction, is a factual determination for the state court," id., and dismissed the case.

II.

At issue is whether the district court had jurisdiction to enter declaratory judgment. Although neither party has addressed this precise issue on appeal, we proceed to examine it sua sponte because of our "independent duty to inquire into . . . jurisdiction over a dispute." Phelps v. Hamilton, 122 F.3d 1309, 1315-16 (10th Cir. 1997). At our request, the parties have provided supplemental briefing addressing whether a case or controversy remained after the district court declined supplemental jurisdiction over Woods' administrative appeal, and whether under St. Paul Fire and Marine Insurance Company v. Runyon, 53 F.3d 1167, 1169 (10th Cir. 1995), the district court properly exercised its jurisdiction by granting declaratory judgment.

-5-

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). The Act does not in itself confer jurisdiction upon federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Rather than expand the jurisdiction of federal courts, the Act only expanded the range of remedies available in federal courts. Id. Thus, we must determine here whether the court had an independent basis for jurisdiction which would then empower it to enter a declaratory judgment. Cardtoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 964 (10th Cir. 1996). "[I]n the absence of any pleading that invokes diversity jurisdiction, the relevant basis is federal question jurisdiction under 28 U.S.C. § 1331." Id.

The district court concluded it had federal question jurisdiction pursuant to § 1331 to construe § 921(a)(33)(A)(ii). See Supp. App. at 77 ("To the extent that [Woods] seeks construction of the statutory language itself, the court clearly has jurisdiction pursuant to 28 U.S.C. § 1331."). Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To find jurisdiction under § 1331, the federal question must appear on the face of plaintiff's well-pleaded complaint. Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001). Jurisdiction exists where plaintiff's cause of action is created by federal law, id., or where "it appears that some substantial, disputed

question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983).

The district court entered its order construing § 921(a)(33)(A)(ii) and the phrase "similarly situated to a spouse . . . of the victim" on January 3, 2002. Previously, however, the court had granted summary judgment in favor of the City and County of Denver on Woods' second, third, fourth, and sixth causes of action and, after declining to exercise supplemental jurisdiction over his Rule 106(a) appeal, had dismissed his fifth cause of action without prejudice. In doing so, the court disposed of all of the causes of action asserted in Woods' complaint, and in turn effectively disposed of all potential bases of jurisdiction alleged in Woods' complaint. Section 921(a)(33)(A)(ii) is not a jurisdictional statute, nor does it create a federal cause of action. Contrary to the district court's conclusion, construction of a federal statute, standing alone, is not a "cause of action," nor does it confer federal question jurisdiction. See Rice, 260 F.3d at 1245. The district court was left with only a request for declaratory judgment. As noted, the Declaratory Judgment Act does not extend the jurisdiction of federal courts. Skelly Oil, 339 U.S. at 671. Without an independent basis for jurisdiction, the district court lacked subject matter jurisdiction to grant declaratory relief.[4]

_____

[4] Woods can pursue his Rule 106(a) appeal in state court. The Colorado Supreme Court has noted that, pursuant to Rule 106(a)(4), "the reviewing court may consider, in determining the existence of an abuse of discretion, whether the hearing officer misconstrued or misapplied the applicable law." Bd. of County Comm'rs v. Conder, 927 P.2d 1339, 1343 (Colo. 1996).

As the district court lacked jurisdiction to enter its January 3, 2002, order construing the phrase "similarly situated to a spouse . . . of the victim," found in 18 U.S.C. § 921(a)(33)(A)(ii), we REMAND with directions to vacate that order.

Entered for the Court

Mary Beck Briscoe
Circuit Judge