**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MALYNDA McMURTRY,

      Plaintiff,

v.

AETNA LIFE INSURANCE
COMPANY,

      Defendant-Appellee,

NORMAN REGIONAL HOSPITAL
AUTHORITY, a public trust, doing
business as Norman Regional
Hospital,

      Defendant-Appellant,

------------------------

NORMAN REGIONAL HOSPITAL
LONG TERM DISABILITY PLAN,

      Intervenor - Appellant,

and

LIFECARE HEALTH SERVICES,
LLC; OKLAHOMA HOSPITAL
ASSOCIATION,

      Amici Curiae.

Nos. 06-6358, 06-6370
(D.C. No. CV-05-84-C)
(W.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **SEYMOUR**, and **LUCERO**, Circuit Judges.

These appeals arise out of an insurance coverage dispute between the original parties, Malynda McMurtry and Aetna Life Insurance Company. Ms. McMurtry filed state law bad faith claims, but Aetna argued that those claims were barred because the insurance plan in question was governed by ERISA. The district court ruled in favor of Aetna, holding that the plan was covered by ERISA and the state law claims were therefore preempted. Norman Regional Hospital Authority and the Norman Regional Hospital Long Term Disability Plan (hereinafter together referred to as NRHA) then attempted to intervene in order to argue the ERISA applicability issue. Although the district court denied the motion to intervene as untimely, it ordered NRHA added as a necessary defendant to the ERISA claim because it was the offeror of the plan. NRHA and Ms. McMurtry were granted permissive interlocutory appeals pursuant to 28 U.S.C. § 1292(b). After some of the briefing on the appeals was completed in this court, Ms. McMurtry and Aetna settled. NRHA is the remaining appellant. The

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

questions we address are (1) whether Ms. McMurtry and Aetna's settlement moots the present appeals, and, if so, (2) whether the district court order should be vacated. We answer both questions in the affirmative.

**I.**

Courts lack jurisdiction over claims that are moot. Indeed, "Article III of the Constitution requires that [courts] only decide cases or controversies, and thus prohibits [them] from resolving hypothetical legal questions . . . relevant only to the resolution of an already dismissed dispute." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006). Mootness arises in situations like this one because where "the underlying litigation [is] dismissed by agreement of the parties pursuant to [a] settlement, [] there is no longer any action in which to intervene." *Energy Transp. Group, Inc. v. Maritime Admin.*, 956 F.2d 1206, 1210 (D.C. Cir. 1992) (citing *Tosco Corp. v. Hodel*, 804 F.2d 590, 592 (10th Cir. 1986)).

Ms. McMurtry and Aetna have settled the dispute over Ms. McMurtry's insurance benefits. As a result, Ms. McMurtry – the only party who has asserted any claims in this case – requested dismissal of all of her claims, with prejudice, in both the district court and this court. Her own appeal has been dismissed and she has submitted motions seeking dismissal of her as a party in NRHA's appeals.

The legal issues that are the subjects of the remaining appeals are either collateral or subsidiary to Ms. McMurtry's claims. Any opinion we might issue on the merits of the remaining appeals would be advisory only, in contravention

-3-

of well-established law.  *United States v. Burlington N. R.R. Co.*, 200 F.3d 679, 699 (10th Cir. 1999) ("It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies.") (quoting *Norvell v. Sangre de Cristo Dev. Co., Inc.*, 519 F.2d 370, 375 (10th Cir. 1975)).  Accordingly, we conclude that the settlement agreement between Ms. McMurtry and Aetna renders moot the remaining appeals of NRHA.[1]

## II.

Given the mootness of NRHA's appeals, we must determine whether the district court's order granting summary judgment should be vacated.  The Supreme Court has described *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), as the "leading case on vacatur."  *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994).  In *Munsingwear*, the Court explained:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267 [1936] to be 'the duty of the appellate court.'  That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.  When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.

---

[1]Under the same reasoning, we also conclude that the pending motion to supplement the record on appeal is moot.

*Munsingwear*, 340 U.S. at 39-40. The Court was concerned that judgments not subject to appellate review due to mootness not be binding on any parties. Subsequently, the Court clarified that vacatur of a lower court decision due to mootness is an equitable remedy, not an automatic right. In deciding whether to vacate a district court decision, we must consider "the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp Mortgage*, 513 U.S. at 24 (quotations and citations omitted). The "principle condition to which we have looked," the Court specified, "is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *Id*. The Court continued:

> The reference to "happenstance" in *Munsingwear* must be understood as an allusion to this equitable tradition of vacatur. A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from unilateral action of the party who prevailed below. Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice. The denial of vacatur is merely one application of the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.

*Id.* at 25 (internal quotation and citations omitted). Here, therefore, equitable vacatur would not be warranted if either Ms. McMurtry or Aetna petitioned for it because both of those parties voluntarily forfeited their legal remedies by

-5-

choosing to settle. NRHA, however, is not a party to that settlement agreement, and thus has a more compelling claim for equitable vacatur. In mooting the remaining claims on appeal, the settlement agreement denied NRHA the appeal that it seeks. This is precisely the type of "happenstance" that concerned the Court in *Munsingwear*.

"'When causes beyond the appellant's control make a case moot pending appeal, a federal appellate court generally should vacate the judgment below and remand with directions to dismiss.'" *Shawnee Tribe v. United States*, 405 F.3d 1121, 1135 (10th Cir. 2005) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996)). *See also Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir. 1995) (the "pivotal issue" in deciding whether to grant equitable vacatur is "'whether the party seeking relief from the judgment below caused the mootness by voluntary action.'" (quoting *U.S. Bancorp Mortgage*, 513 U.S. at 24)).

Because NRHA had nothing to do with causing this case to become moot, it "ought not in fairness be forced to acquiesce" in the district court's judgment. *U.S. Bancorp Mortgage*, 513 U.S. at 25. As pertinent here, in *Wyoming v. United States Department of Agriculture*, 414 F.3d 1207, 1213 (10th Cir. 2005), we exercised our discretion to order the district court to vacate its opinion where a third party's appeal was mooted by one of the other parties to the action. There, the intervener defendants' appeal became moot when the Forest Service, its co-

defendant, promulgated a new rule replacing the one which was the subject of the appeal. *Id.* at 1212. We held that "because the party seeking appellate relief is not the party responsible for mooting the case," it was "appropriate to vacate the district court's order." *Id.* at 1213.

Accordingly, we **DISMISS** these appeals as moot, **VACATE** the district court's order granting summary judgment, and **REMAND** with instructions to dismiss the action.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge