**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

XING LIN,

          Petitioner-Appellant,

v.

MICHAEL CHERTOFF, Secretary,
United States Department of
Homeland Security; MICHAEL B.
MUKASEY, Attorney General, United
States Department of Justice;
ROBERT MATHER, District Director,
United States Citizenship and
Immigration Services; DOUGLAS
MAURER, District Director, United
States Immigration and Customs
Enforcement, and any other person
having said Petitioner in custody,

          Respondents-Appellees.

No. 07-1484
(D.C. No. 1:07-CV-01957-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner-appellant, Xing Lin, is a Chinese citizen currently in removal proceedings and being detained by respondents-appellees the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") (collectively the "Government"). He filed a petition for habeas corpus in the district court, challenging the existence of the removal order pursuant to which he was being held. The district court concluded the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), deprived it of jurisdiction and dismissed the petition. Mr. Lin appeals.

The Government has filed a motion to dismiss the appeal as moot. In June 2008, it initiated new removal proceedings against Mr. Lin and now concedes that the initial removal order it sought to enforce "can no longer be effectuated to remove him." Aplee. Br. at 26. Thus, the Government argues there is no longer a case or controversy, and this court therefore lacks jurisdiction. We wonder why the Government waited so long to initiate new proceedings in light of its expressed intent to "avoid protracted litigation." *Id.* at 9. Nonetheless, we agree the initiation of new removal proceedings resolves the controversy giving rise to this appeal, and we therefore dismiss the appeal for lack of jurisdiction.

I.

Mr. Lin arrived in the United States from China in 1992, seeking asylum and restriction on removal. On December 8, 1994, an immigration judge ("IJ") issued an oral decision denying his applications for relief and ordering that Mr. Lin be returned to China ("1994 Removal Order"). Although the decision was affirmed by the Board of Immigration Appeals, Mr. Lin remained in the country and subsequently filed an application for adjustment of status. While that application was pending, he applied for advance parole so that he could visit his ailing mother in China. On August 28, 1996, his request was granted, and shortly thereafter, Mr. Lin went to China. He returned to the United States on October 21, 1996. Pursuant to the terms of his advance parole, he was authorized to stay for one year. Although he has not been successful in any of his applications for adjustment of status in the ensuing ten years, Mr. Lin has remained in the United States.

In September 2007, ICE officers arrested Mr. Lin pursuant to the 1994 Removal Order.[1] Days later, Mr. Lin filed a petition in the district court for habeas corpus under 28 U.S.C. § 2241. He argued that under section 101(g) of the Immigration and Nationality Act ("INA"), he self-executed the 1994 Removal

---

[1] This was the second time ICE arrested him. He was first arrested in November 2006, but was released the following April, apparently because ICE could not obtain travel documents for his return to China.

Order when he departed the U.S. for China in 1996.[2]  Therefore, he reasoned, there was no longer a removal order to authorize his arrest and detention.  Among other requests, he demanded new removal proceedings before an IJ.  In an order dated November 14, 2007, the district court agreed with Mr. Lin in dicta, but held the REAL ID Act deprived it of jurisdiction to issue a ruling.[3]  It therefore granted Mr. Lin's request for a stay of removal pending appeal, but dismissed the habeas petition.

Mr. Lin filed a timely notice of appeal on November 16, 2007.  In June 2008, the Government initiated new removal proceedings and served Mr. Lin with a Notice to Appear, charging him with staying beyond the terms of his advance parole.  The new charges do not rely on or mention the 1994 Removal Order.  Mr. Lin responded with a motion to terminate the proceedings in the immigration court.  He argued the Government could not begin new proceedings while

---

[2]     Section 101(g) states:

> For the purposes of this chapter any alien ordered deported or removed (whether before or after the enactment of this chapter) who has left the United States, shall be considered to have been deported or removed in pursuance of law, irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed.

8 U.S.C. § 1101(g).

[3]     The REAL ID Act, inter alia, vests jurisdiction over challenges to final orders of removal solely in the courts of appeal.  *See* 8 U.S.C. § 1252(a)(5); *Hem v. Maurer*, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006).

simultaneously seeking to remove him under the 1994 Removal Order.

On August 12, 2008, the IJ denied Mr. Lin's motion. While he did not explicitly address the validity of the 1994 Removal Order, the judge concluded Mr. Lin was a "self-removal" under the INA. Accordingly, he saw no barrier to going forward with new removal proceedings.

In the meantime, the Government filed its motion to dismiss this appeal for lack of jurisdiction, claiming that it is no longer detaining Mr. Lin under the 1994 Removal Order, but under the new charges. It reasons that the controversy giving rise to this lawsuit was the enforceability of the 1994 Removal Order, and thus, the case became moot upon the initiation of new removal proceedings based on new charges. And it makes the following concessions concerning the enforceability of the challenged order:

- "The 1994 Order can no longer be effectuated to remove [Mr. Lin]." Aplee. Br. at 26.

- "DHS cannot remove him pursuant to the 1994 Order." *Id.*

- "DHS is now precluded by the Immigration Judge's August 12, 2008 Order from removing [Mr. Lin] pursuant to the 1994 order of exclusion." *Id.* at 41.

Mr. Lin opposes the Government's motion to dismiss and argues that exceptions to the mootness doctrine apply to permit our exercise of jurisdiction.

He seeks an order from this court declaring the 1994 Removal Order to have been fully executed and of no further force or effect.[4]

## II.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) (quotation omitted). We have "no power to give opinions upon moot questions or declare principles of law which cannot effect the matter in issue and the case before it[.]" *Id.* Accordingly, "[o]nce a controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter." *Id.* (quotation and alteration omitted). A case becomes moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to the prevailing party." *Prier v. Steed*, 456 F.3d 1209, 1213 (10th Cir. 2006) (quotations omitted).

There are, of course, exceptions to the mootness doctrine, including one for cases that "are capable of repetition, yet evading review," *Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1147 (10th Cir. 2007), which Mr. Lin invokes here. This exception, however, only applies in

---

[4] Mr. Lin also urges us to deny the Government's motion as untimely under 10th Cir. R. 27.2(A)(3)(a). We decline to do so, however, because the Government has shown good cause for its lateness given the timing of the new removal proceedings. We also note the Government filed its motion to dismiss within days of serving Mr. Lin with the new Notice to Appear.

extraordinary situations and occurs when the following prerequisites are met: "(1) the duration of the challenged action must be too short to be fully litigated prior to its cessation or expiration; and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* (quotation omitted); *Kempthorne*, 545 F.3d at 892.  Mr. Lin argues this case satisfies both requirements.  Taking them in reverse order, he claims that absent a declaration that the 1994 Removal Order has been executed, there is nothing to stop the Government from trying to enforce it in the future.  And he fears the Government could deport him so quickly he would not have a chance to file a challenge.

This scenario seems highly unlikely.  As set forth above, the Government has explicitly conceded in this case that Mr. Lin may not be removed under the 1994 Removal Order and it has pledged not to seek enforcement of that order. Furthermore, it initiated new proceedings against Mr. Lin, which an IJ allowed to proceed based in part on Mr. Lin's prior self-removal under 8 U.S.C. § 1101(g). To invoke this exception to the mootness doctrine, Mr. Lin must do more than merely speculate about future possibilities.  He must show a "'reasonable expectation' or 'demonstrated probability' that [this] same controversy will recur" between him and the Government.  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). A "mere physical or theoretical possibility" of its recurrence, which is the extent of Mr. Lin's argument, is not enough to avoid mootness.  *See id.*  As for the

-7-

short-duration requirement, in the unlikely event the Government does try to enforce the 1994 Removal Order, there is no reason to believe Mr. Lin would not have ample opportunity to mount a challenge. Even if, as he hypothesizes, the Government were to try to expedite his travel documents, that would not preclude him from filing a habeas petition and stay motion. As evidenced in this case, such documents can be filed immediately upon or shortly after his arrest. In sum, we conclude Mr. Lin's challenge to the 1994 Removal Order "does not present an issue with an inherent time limit such that it would necessarily evade review in future litigation." *Disability Rights*, 491 F.3d at 1148 (quotation omitted).

Mr. Lin also seeks to invoke an exception to the mootness doctrine, which "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *Disability Rights*, 491 F.3d at 1149 (quotation omitted). Therefore, a case is rarely mooted by "a defendant's voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time." *Kempthorne*, 545 F.3d at 892. This exception applies unless the defendant can meet the "formidable burden of demonstrating that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Disability Rights*, 491 F.3d at 1149 (quotations omitted).

Mr. Lin argues this exception applies because the Government is free to break its promise at any time and resume its efforts to enforce the 1994 Removal

-8-

Order.  We disagree.  The Government has met its burden of demonstrating it will not take such action.  It has conceded in the plainest terms that the 1994 Removal Order is defunct.  Based on that fact, it initiated new removal proceedings, and the presiding IJ concluded that Mr. Lin self-executed the 1994 Removal Order.  Under these circumstances, we hold that removal proceedings based on the 1994 Removal Order cannot reasonably be expected to recur.  The voluntary cessation exception is therefore inapplicable.

We therefore GRANT appellees' motion to dismiss, DISMISS the appeal for lack of jurisdiction, and VACATE that portion of the district court's November 14, 2007, order dismissing Mr. Lin's habeas petition.

Entered for the Court

John C. Porfilio
Circuit Judge