**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GENE R. EATINGER, on behalf of
himself and all similarly situated
royalty owners,

      Plaintiff–Appellee,

and

CHESAPEAKE ENERGY
CORPORATION; CHESAPEAKE
OPERATING, INC.; CHESAPEAKE
ROYALTY, L.L.C., excluded
unnamed class members,

      Plaintiffs–Appellants,

v.

BP AMERICA PRODUCTION
COMPANY,

      Defendant–Appellee.

No. 12-3243
(D.C. No. 6:07-CV-01266-EFM-KMH)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Appellants Chesapeake Energy Corporation, Chesapeake Operating, Inc.,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and Chesapeake Royalty, L.L.C. appeal the district court's order excluding them from the class action settlement in this case.

Appellants were originally unnamed class members in the plaintiff class certified by the district court in this case in August 2010. At that time, Appellants received notice of the action and elected not to exclude themselves from the class. The class of more than 6,000 participants (the Class) pursued its claims for underpayment of oil and gas royalties until July 2012, when a settlement agreement was reached between the Class and Defendant. The settlement agreement contained a provision defining the "Eatinger/BP Class" as "All royalty owners of BP American Production Company . . . from wells located in Kansas that have been paid royalties for gas and/or gas constituents . . . before January 1, 2012 and whose gas was processed at BP's Jayhawk Processing plant," excluding, amongst others, "Chesapeake Energy Corp., Chesapeake Operating Inc., Chesapeake Royalty, and any Chesapeake affiliated entity." (App. at 132.)

Shortly after reaching settlement and filing a joint motion for approval of the settlement agreement, the Class filed a motion seeking to redefine the Class to exclude Appellants from the settlement agreement. This motion was based on the Class's belief that Appellants were adverse to the interests of the Class in that they would object to Class counsel's fee and the Class representative's incentive fee as they had done in other class action lawsuits, thereby delaying distribution to the other Class members. Over Appellants' opposition, the district court

granted the Class's motion. Appellants appeal, arguing the district court erred in excluding them from the Class.

After filing this appeal, Appellants filed a motion in the district court to stay the Federal Rules of Civil Procedure Rule 23(e)(2) fairness hearing, which the district court denied. The court subsequently held a Rule 23(e)(2) fairness hearing, after which it approved the settlement agreement. Following this approval, Appellants filed a motion in this court to stay the distribution of settlement funds. We, too, denied the motion. Since issuance of our order denying a stay, the Class settlement incentive award and Class counsel fees and expenses have been paid (Second Mot. to Dismiss at 1), and distribution checks to all class members entitled to receive amounts have been mailed (Third Mot. to Dismiss at 1 & Exhibit (Dist. Ct. Dkt. No. 387)).

In light of these post-appeal developments, the Class filed three motions to dismiss this appeal arguing, among other things, that the appeal is now moot. We agree with the Class and therefore do not reach the merits of Appellants' appeal.[1]

"It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church*

---

[1] Because we agree that Appellants' appeal is moot, we likewise need not reach the other jurisdictional questions raised by the Class, including whether Appellants have standing to challenge the district court's order.

*of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed."[2] *Id.* (internal quotation marks omitted). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Prier v. Steed*, 456 F.3d 1209, 1213 (10th Cir. 2006) (internal quotation marks and alterations omitted).

We agree with the Class that, in light of the post-appeal developments in this case, we are unable to grant any effectual relief to Appellants. Since the filing of this appeal, the district court approved the settlement agreement between the Class and Defendant and, accordingly, dismissed the case with prejudice; Class counsel's fees and expenses and the Class representative's incentive award were paid; and distribution checks were mailed to all Class members entitled to recover under the settlement agreement. There is, therefore, no effectual relief we can grant to Appellants. Indeed, Appellants conceded as much in their motion

---

[2] "Mootness doctrine also encompasses a prudential aspect that gives courts the discretion to dismiss a case under certain circumstances even when constitutional jurisdiction is unquestionably satisfied." *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 n.6 (10th Cir. 2012). In its motions to dismiss, the Class argued Appellants' appeal is prudentially moot in addition to constitutionally moot. However, "[b]ecause prudential mootness involves a somewhat different set of concerns, we confine our discussion here to constitutional mootness." *Id.*

to stay submitted to this court:

> If the settlement funds are distributed, then Chesapeake is forever excluded from participation in the Class Action. Without granting this stay to delay the distribution of settlement funds, Chesapeake will forever lose its opportunity to share in its portion of the nineteen million dollar settlement fund. If the funds are distributed prior to the determination of Chesapeake's appeal, there is no practical way to recover funds once they have been distributed to 6,000 royalty owners.[3]

(Appellants' Mot. to Stay at 11.)

In an attempt to now establish otherwise, Appellants point to an administrative fund containing approximately $82,000 and a final unclaimed distribution account with an as-yet-undetermined amount of unclaimed settlement funds, from which Appellants maintain they could recover. (Appellants' Resp. to Third Mot. to Dismiss at 5.) They further argue that resolution of this appeal in their favor "would give Chesapeake the ability to participate as a full-fledged class member," thereby permitting them to "challenge the fairness of the settlement." (*Id.* at 7.) However, neither of these arguments alters the fact that "granting a present determination of the issues" on appeal will not have any "effect in the real world." *Prier*, 456 F.3d at 1213. Even if we were to conclude that the district court erred in excluding Appellants from the Class, the district

---

[3] Judge Hartz, in dissenting from the denial of Appellants' motion to stay, likewise foretold this result: "[D]enial of a stay precludes any future relief to Movants . . . ; no one has explained how the injury can be undone once the settlement proceeds are distributed. Hence, a stay is required." (Order Denying Stay (Hartz, J., Dissenting) at 2-3.)

court has already approved the settlement agreement (App. at 470-86) and dismissed the underlying case with prejudice (App. at 486-87). There is, therefore, no opportunity for Appellants to challenge the fairness of the settlement agreement. And, under the plain terms of the approved agreement (*see* App. at 132 (defining the "Eatinger/BP Class" as excluding Appellants)), Appellants are not entitled to any relief, regardless of whether it could theoretically be possible for Appellants to recover some amount from the administrative fund or the final unclaimed distribution account.

For the foregoing reasons, we **GRANT** the Class's motions to dismiss and **DISMISS** this appeal as moot.

Entered for the Court


Monroe G. McKay
Circuit Judge