**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEBRA HATTEN-GONZALES,
individually and on behalf of all others
similarly situated,

Plaintiff - Appellee,

v.

BRENT EARNEST, Secretary of the
New Mexico Human Services
Department,

Defendant - Appellant.

No. 16-2064
(D.C. No. 1:88-CV-00385-KG-CG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **HARTZ**, Circuit Judges.

New Mexico appeals the district court's grant of Debra Hatten-Gonzales's

motion for a preliminary injunction preventing the New Mexico Human Services

Department from implementing NMAC § 8.139.410.14, a regulation

implementing federal restrictions on food stamp benefits, until December 31,

2016. Hatten-Gonzales filed the motion pursuant to a consent decree that has

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

been in effect since 1998. The parties agree New Mexico's appeal from the grant of the preliminary injunction is now moot, because the injunction has expired by its own terms. We therefore dismiss the appeal from the order granting a preliminary injunction. We also dismiss as untimely New Mexico's appeal from an earlier district court order in which the court found it had jurisdiction to hear Hatten-Gonzales's motion for a preliminary injunction.

## I. Background

In New Mexico, the federal food stamp program, now known as the Supplemental Nutrition Assistance Program (SNAP), is administered by the Income Support Division of the Human Services Department (HSD). In 1988, Debra Hatten-Gonzales filed suit against the Secretary of HSD, challenging the way HSD processed applications for SNAP and other benefits. Hatten-Gonzales sought and was granted certification of a class of SNAP applicants. The parties ultimately agreed to a consent decree (Decree), which specifies how HSD must process applications. The Decree, with minor modifications to reflect changes in federal law, was adopted as an injunction in 1998. *See Hatten-Gonzales v. Hyde*, 579 F.3d 1159, 1169 (10th Cir. 2009). The Decree permits the class of plaintiffs to seek a ruling from the district court to enforce HSD's compliance with the Decree's terms.

This appeal arose after HSD began implementing federal restrictions on SNAP benefits for Able-Bodied Adults Without Dependents (ABAWDs).

ABAWDs are adults ages 18 through 49 who do not live in a household with a minor, are not pregnant, and are mentally and physically fit to work. Under federal law, unless exempt from the requirements, ABAWDs may not receive SNAP benefits for more than three months in a three-year period unless they are engaged in work or other authorized activities for 80 hours each month. In 2015, HSD promulgated new rules to implement the ABAWD time limits. On January 1, 2016, HSD began implementing its new regulation, NMAC § 8.139.410.14.

On January 27, 2016, Hatten-Gonzales filed a motion asking the district court to enjoin the Secretary of HSD, Brent Earnest, from implementing the regulation, alleging HSD had violated the terms of the Decree by failing to provide sufficient training on the ABAWD requirements and by failing to provide accurate information to SNAP recipients. Hatten-Gonzales asked the court to preliminarily enjoin HSD from implementing the regulation until it was ready to process the applications of ABAWDs and potential ABAWDs in compliance with the Decree. The district court ordered supplemental briefing on whether the requested relief fell within the scope of the Decree. In a February 18, 2016 order, the court determined it had jurisdiction to hear the motion. On March 18, 2016, after hearing evidence and argument, the court issued an order granting Hatten-Gonzales's motion for a preliminary injunction. The injunction prevented HSD

from implementing its new rule until December 31, 2016.  Earnest then filed this interlocutory appeal.[1]

## II.  Analysis

Earnest appeals from both the district court's March 18, 2016 order granting a preliminary injunction and its earlier February 18, 2016 order finding jurisdiction to hear Hatten-Gonzales's motion.  We dismiss the appeal from the former as moot, and we dismiss the appeal from the latter as untimely.

### A.  *The March 18, 2016 Order*

In its March 18, 2016 order, the district court granted Hatten-Gonzales's motion for a preliminary injunction and enjoined HSD from implementing its ABAWD time limit and work requirements until December 31, 2016.  Because the injunction expired by its own terms, on April 6, 2017, we asked the parties to file written responses showing why the appeal from the grant of the preliminary injunction should not be dismissed as moot.  In their responses, both parties agreed the appeal from the March 18 order is moot and need not be heard.  We agree, because the expiration of the preliminary injunction "makes it impossible for [us] to grant 'any effectual relief whatever to a prevailing party.'"  *See Prier*

---

[1]  On July 18, 2016, Hatten-Gonzales filed a motion to dismiss Earnest's interlocutory appeal for lack of jurisdiction, arguing the district court in its March 18 order merely interpreted, clarified, and interpreted the Decree, rather than granting or modifying an existing injunction.  *See* 28 U.S.C. § 1292(a).  This motion was referred to the merits panel.  Because we dismiss the appeal on other grounds, we deny Hatten-Gonzales's motion to dismiss for lack of jurisdiction.

*v. Steed*, 456 F.3d 1209, 1213 (10th Cir. 2006) (quoting *Church of Scientology of Ca. v. United States*, 506 U.S. 9, 12 (1992)). Accordingly, we dismiss as moot Earnest's appeal from the district court's grant of a preliminary injunction.

### B. *The February 18, 2016 Order*

In its February 18, 2016 order, the district court found it had jurisdiction to hear Hatten-Gonzales's motion for injunctive relief, concluding the motion fell within the scope of the Decree. Earnest now contends we have jurisdiction to hear his appeal from the February 18 order, notwithstanding our dismissal of his appeal from the March 18 order, because the earlier order remains in effect, and Hatten-Gonzales has relied on it to seek jurisdiction over additional aspects of HSD's operations. Hatten-Gonzales, on the other hand, argues we must dismiss the appeal from the February 18 order for two reasons: (1) the order interprets and clarifies the Decree but does not modify it, and (2) because the injunction granted in the March 18 order has expired, our review of the February 18 order would amount to an advisory opinion about the district court's jurisdiction to issue an order that is now moot.

We decline to reach the merits of the parties' arguments, because we dismiss Earnest's appeal from the February 18 order for a third, different reason: the appeal is untimely. In a civil case, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."

Fed. R. App. P. 4. Earnest filed his notice of appeal on April 18, 2016, well outside the 30-day deadline. We therefore dismiss his appeal as untimely.

## III. Conclusion

Because the appeal from the March 18 order is moot, and the appeal from the February 18 order is untimely, we **DISMISS** this appeal in its entirety.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Chief Judge