FILED
United States Court of Appeals
Tenth Circuit

January 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC GRIFFIN,

      Petitioner-Appellant,

v.

PAUL A. KASTNER, Warden;
UNITED STATES DEPARTMENT
OF JUSTICE; JOHN DOES,

      Respondents-Appellees.

No. 12-6275
(D.C. No. 5:12-CV-00926-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.


A federal district court in Nevada deemed Eric Griffin incompetent to stand

trial on charges of attempted bank robbery. It ordered him transferred to the

Federal Medical Center in Missouri, where he was to be medicated against his

will. En route to Missouri, Mr. Griffin had a short stay at the Federal Transfer

Center (FTC) in Oklahoma, where he filed this 28 U.S.C. § 2241 petition alleging

---

[*] After examining the appellant's brief and the appellate record, this panel
has determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his involuntary medication order, transfer, and detention were all unlawful. But before the district court could rule on his petition, Mr. Griffin was transferred to Missouri to begin his treatment. With Mr. Griffin no longer in the custody of the FTC's warden, a magistrate judge concluded that "any habeas relief ordered by this court would be to no effect." R. at 20; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). The district court agreed, adopted the magistrate judge's report and recommendation, and dismissed Mr. Griffin's petition without prejudice. Mr. Griffin now appeals this decision.

The trouble for Mr. Griffin is that he never lodged any objection to the magistrate judge's report and recommendation. In our circuit, a litigant's failure to lodge such objections typically dooms his appeal. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."). To be sure, a "failure to object does not waive issues concerning the magistrate's jurisdiction," *Moore v. United States*, 950 F.2d 656, 659 n.7 (10th Cir. 1991), and Mr. Griffin says he filed a notice of appeal the day before the magistrate judge issued her report. *See* Notice of Interlocutory Appeal, No. 5:12-CV-00926-D (W.D. Okla. Sept. 24, 2012), ECF No. 13. By so doing, he says, he ousted the magistrate judge of jurisdiction. But in his notice, Mr. Griffin purported to appeal only the involuntary medication order that the district court in Nevada had issued — not

any order that appeared on the docket of the district court here.  The notice therefore had no effect on the magistrate judge's jurisdiction.  *See United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998) ("[A] district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way . . . .").

Another exception to this circuit's "firm waiver" rule is that it need not be applied if the magistrate judge has committed plain error.  *See Morales-Fernandez*, 418 F.3d at 1122.  But we discern no error — let alone plain error — in the magistrate judge's conclusions.  FTC warden Paul Kastner no longer has custody of Mr. Griffin and is therefore powerless to provide any relief the district court might order.  Mr. Griffin is currently detained in Missouri, outside the "district of confinement" and therefore outside the scope of the district court's habeas jurisdiction.  *See Rumsfeld*, 542 U.S. at 442.  With no "effectual relief" possible, *Prier v. Steed*, 456 F.3d 1209, 1212-13 (10th Cir. 2006), Mr. Griffin's petition is moot.

The judgment of the district court is therefore affirmed.  Mr. Griffin's motion for appointment of counsel is denied.  Because he has presented no meritorious argument in this appeal, Mr. Griffin's motion for leave to proceed

without prepayment of costs or fees is denied as well.  The unpaid balance of the filing fee should be paid immediately.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge