FILED
United States Court of Appeals
Tenth Circuit

November 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DUANE LETROY BERRY,

     Petitioner - Appellant,

v.

JOHN B. FOX,

     Respondent - Appellee.

No. 17-6192
(D.C. No. 5:17-CV-00202-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]
_____

     Petitioner - Appellant Duane Berry, appearing pro se, appeals from the district

court's dismissal of his petition for habeas relief under 28 U.S.C. § 2241.  Mr. Berry

was indicted on charges of "perpetrating false information and hoaxes" in violation

of 18 U.S.C. § 1038 in the Eastern District of Michigan. Order of Commitment to

Att'y Gen. (Doc. No. 45) at 2, United States v. Berry, No. 2:15-cr-20743 (E.D. Mich.

Aug. 30, 2016).  That district court found that Mr. Berry suffered from a "mental

disease" which made him unable to "assist properly in his defense" and ordered him

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

committed to the custody of the Attorney General and hospitalized to determine whether he might attain capacity to permit further proceedings.  Id. at 3–4.  While he was temporarily confined at the Federal Transfer Center in Oklahoma City, he filed this habeas petition challenging his commitment.  Berry v. Fox, No. CIV-17-202-R, 2017 WL 3203706, at *1 (W.D. Okla. June 30, 2017), report and recommendation adopted, No. CIV-17-202-R, 2017 WL 3197239 (W.D. Okla. July 27, 2017).

Before the district court could rule on that petition, however, Mr. Berry was transferred to a Michigan county jail.  Id.  The district court referred the petition to a magistrate judge who recommended that the petition be dismissed without prejudice as moot because Mr. Berry was no longer in the custody of the Bureau of Prisons and, therefore, it could not order any "effectual relief."  Id. at *2 (quoting Griffin v. Kastner, 507 F. App'x 801, 802 (10th Cir. 2013)); see Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).

As we understand it, Mr. Berry contends that he is only being detained temporarily by Michigan and that he should be returned to federal custody so he may challenge his detention.  So construed, he does not need a certificate of appealability. Montez v. McKenna, 208 F.3d 862, 867 (10th Cir. 2000).  He argues that he was unlawfully removed, that his removal violated his Fifth Amendment right to due process, and that the district court had jurisdiction.  Although jurisdiction attaches under § 2241 where the inmate is confined when the petition is filed, the district court's order was undoubtedly correct that Mr. Berry's transfer to state custody in Michigan rendered the court incapable of ordering effectual relief vis-à-vis the FTC

2

warden; accordingly, the petition was moot.  See <u>Griffin</u>, 507 F. App'x at 802-03.

We affirm the dismissal without prejudice for substantially the same reasons as the district court.

AFFIRMED.  All pending requests for the court to take judicial notice are DENIED.

Entered for the Court


Paul J Kelly, Jr.
Circuit Judge