**Nick A. KOLEV, P.E., Ph.D., Plaintiff—Appellant,**

v.

**DEPARTMENT OF HOMELAND SE- CURITY, BCIS California Service Center; et al., Defendants—Appellees.**

No. 04–56137.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2004.*

Decided April 29, 2005.

Nick A. Kolev, Downey, CA, for Plaintiff–Appellant.

Sharla Cerra, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

---

**4**

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Petitioner Nick A. Kolev ("Kolev") appeals pro se the District Court's dismissal of his first amended complaint against the Department of Homeland Security, Department of State, and individual federal officials (collectively, the "Government"). He contends that a consular officer at the United States Embassy in Moscow wrongfully denied a visa to his fiancée, Irina Krasnova ("Krasnova"), and seeks damages for the delay of her visa's adjudication.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's dismissal of Kolev's first amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir.2004), *cert. denied*, — U.S. —, 125 S.Ct. 105, 160 L.Ed.2d 123 (2004); *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir.2003). For the reasons stated below, we AFFIRM.

■ Kolev lacks standing to bring his damage claims. The only injury Kolev suffered was the sunk costs of his travel arrangements because Krasnova did not receive her visa as soon as he would have liked. This injury is not traceable to the U.S. consulate's denial of Krasnova's visa. *See Northeastern Florida Contractors v. Jacksonville*, 508 U.S. 656, 663–64, 113

** This panel unanimously finds this case suitable for decision without oral argument. *See*

S.Ct. 2297, 124 L.Ed.2d 586 (1993) (noting that an alleged injury must be fairly traceable to federal officials to establish Article III standing).

■ Kolev's claims are also moot since the U.S. consulate granted Krasnova's visa approximately five weeks after initially denying it. *See Wong v. Dep't of State*, 789 F.2d 1380, 1384 (9th Cir.1986) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)) ("Where 'interim relief or events have completely eradicated the effects of [an] alleged violation' of law and there is no reasonable expectation that the violation will recur, a case is moot.").

■ Finally, we lack the authority to review the consular official's decision to deny Krasnova's visa. *See Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir.1986) ("[T]he consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review"); *Ventura–Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir.1981) ("[R]eview of [a] Consul's decision denying [an] application for a visa . . . is beyond the jurisdiction of the . . . court").

**AFFIRMED.**