**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CITY CENTER WEST, LP, a Colorado
limited partnership,

      Plaintiff - Appellant,

v.

AMERICAN MODERN HOME
INSURANCE COMPANY, an Ohio
corporation,

      Defendant - Appellee.

No. 12-1343

---

**ORDER ON PETITION FOR REHEARING**

---

Before **HARTZ**, **HOLLOWAY**, and **HOLMES**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

American Modern Home Insurance Company (American Modern) seeks panel

rehearing based on new evidence that the appeal was mooted well before we issued our

decision. Our decision reversed the district court and upheld the assignment of a postloss

insurance claim from Heartland Financial USA, Inc. and Summit Bank & Trust

(collectively Summit Bank) to City Center West, LP (City Center). American Modern's

rehearing petition, however, discloses that City Center had reassigned its insurance claim to Summit Bank on September 10, 2012, more than a year before our decision. City Center's reassignment ensured that this court's decision would have no practical effect: it would not matter whether the first assignment of the claim was invalid since the claim was now held by the original assignor anyway. We agree with American Modern that our judgment must be vacated because the appeal was mooted before we published the decision.

"Constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (internal quotation marks omitted). Federal courts may hear a dispute only when its resolution "will have practical consequences to the conduct of the parties." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011). A case that was justiciable when litigation commenced can become moot if the underlying controversy "ceases to exist." *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (internal quotation marks omitted). Mooted cases must be dismissed for lack of jurisdiction. *See id.*

This appeal ceased to have any practical importance, and therefore became moot, when City Center reassigned its claim to Summit Bank. City Center argues that the case was not mooted because its reassignment was a nullity when it was executed. It says that, based on the district court's decision that the assignment was invalid, "City Center had no legal right or interest in the claims when the Reassignment was executed and, therefore,

2

could not, as a matter of law, reassign the claims to Summit as of September 10, 2012." Pl.'s/Appellant's Resp. Br. to Def.'s/Appellee's Pet. for Panel Reh'g Based on Newly Discovered Evidence at 6. But that is to say only that if we affirmed the district court, there would be no need for a reassignment because the claim had always been with Summit Bank. What City Center ignores is that if we reversed the district court, upholding the assignment, then the reassignment would have been valid. In other words, whatever we ruled, the claim would be in the hands of Summit Bank. Our decision could not affect that result, or anything else of consequence to the parties.

Because the case was mooted before our decision, we GRANT the petition for rehearing, VACATE our judgment, and REMAND to the district court with directions to vacate its judgment and dismiss the complaint as moot. "This order will remove both the *res judicata* and the *stare decisis* effect of the vacated judgment[]." *Martinez v. Winner*, 800 F.2d 230, 231 (10th Cir. 1986) (internal quotation marks omitted). We do not depublish our opinion, however, because such action would not have additional legal effect and the opinion "may be useful to someone in the future simply as a description of the course of this case." *Id.; see Boyce v. Ashcroft*, 268 F.3d 953, 955 (10th Cir. 2001) ("[W]e are not sure what [a request to depublish] means in practical effect" and "[o]ur decision to vacate the judgment and direct the district court to vacate its judgment removes the preclusive effect (if any) of the vacated judgments.").

3

We will address American Modern's request for sanctions in a separate order.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge