FILED
United States Court of Appeals
Tenth Circuit

June 11, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARVIN O. HOLLOMAN,

      Petitioner - Appellant,

v.

DAVID WALCHER, Araphahoe County
Sheriff; CYNTHIA COFFMAN, Attorney
General of the State of Colorado,

      Respondents - Appellees.

No. 17-1319
(D.C. No. 1:17-CV-00704-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Applicant Marvin Holloman, a Colorado prisoner, seeks a certificate of

appealability (COA) to appeal the denial of his application for relief under 28 U.S.C.

§ 2241 by the United States District Court for the District of Colorado.  *See Montez v.*

*McKinna*, 208 F.3d 862, 868–69 (10th Cir. 2000) (requiring a COA to appeal dismissal of

application brought by state prisoner under § 2241).  His brief in this court raises a

number of arguments regarding the four claims raised in his § 2241 application.  But we

need not address most of them.  His first claim is moot, and he has failed to exhaust his

state remedies for the remaining claims.  We deny a COA and dismiss the appeal.

We construe Applicant's request for a COA liberally because he proceeds pro

se.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A COA will issue

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Section 2241 grants the federal courts power to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). "Habeas corpus review is available under § 2241 if an individual is in custody in violation of the Constitution or laws or treaties of the United States." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (internal quotation marks omitted). The purpose of habeas corpus is to permit challenges to the fact or duration of confinement. *See id.*

Applicant first challenges the denial of a preliminary hearing in Denver District Court Case No. 16CR3784. This claim is now moot. In June 2016, while on parole for a

2

prior conviction, he was arrested and charged with two counts of forgery and one count of theft. The Denver District Court declined to schedule a preliminary hearing because Applicant had already posted bond in that case and his detention was not on the present charges but based on a detainer lodged by his parole officer. He unsuccessfully moved to dismiss his case for failure to provide a preliminary hearing and then petitioned for relief in the Colorado Supreme Court, which denied the petition. He was convicted on all counts in March 2017 and sentenced that June. In light of that conviction and sentence, this § 2241 proceeding can no longer afford Applicant any relief on this claim even if he had been improperly denied a preliminary hearing. "[A] conviction will not be vacated based on the ground that the defendant was detained pending trial without a determination of probable cause." *United States v. Miller*, 532 F.2d 1335, 1339 (10th Cir. 1976); *see Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Thus mootness precludes our jurisdiction. *See City Ctr. W., LP v. Am. Modern Home Ins. Co.*, 749 F.3d 912, 913 (10th Cir. 2014) ("Federal courts may hear a dispute only when its resolution will have practical consequences to the conduct of the parties." (internal quotation marks omitted)). The district court's dismissal of this claim without prejudice was proper.

Applicant's remaining claims were properly dismissed without prejudice because of his failure to exhaust state remedies. "A habeas petitioner is generally required to exhaust state remedies [when] his action is brought under § 2241 . . . ." *Montez*, 208 F.3d at 866 (10th Cir. 2000) (citations omitted). "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be fairly presented to the state courts in order to give state courts the opportunity to pass upon and correct alleged

3

violations of its prisoners' federal rights." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (internal quotation marks omitted). In particular, exhaustion requires pursuit of appellate remedies. *See Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012) ("[T]he [exhaustion] doctrine requires state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." (original brackets and internal quotation marks omitted)); *Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2002) ("Claims not included in a petition for discretionary review to the state's highest court are not exhausted . . . ."). "A state prisoner bears the burden of showing he has exhausted available state remedies." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Applicant's second claim is that a criminal charge was filed against him in retaliation for his exercise of his First Amendment rights. The charge was dismissed without prejudice after he filed his § 2241 application. Applicant conceded in district court that he had not exhausted his state remedies on this claim. His § 2241 application, in response to the form's question regarding exhaustion, simply asserts that a federal court may address his claim in the first instance. Although his opening brief asserts that he filed a motion to dismiss in his criminal case some two years before it was dismissed, we decline to consider whether this would be sufficient to exhaust his remedies, given his failure to raise the issue below. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) ("[W]e will generally not consider issues raised on appeal that were not first presented to the district court.").

4

Applicant's third claim challenges the detainer placed on him for allegedly violating the conditions of his parole from a prior Colorado conviction, resulting in his detention in jail. He contends that he was entitled to a hearing on the propriety of the parole hold. The district court properly dismissed this claim for failure to exhaust state remedies. Although Applicant brought a civil case challenging the parole hold, he did not appeal the state trial court's adverse ruling before applying for relief under § 2241. No reasonable jurist would conclude that he had exhausted his state-law remedies for this claim.

Finally, Applicant complains that the Arapahoe County Clerk failed to file habeas petitions. No reasonable jurist could conclude that he has exhausted his state-law remedies for this claim either. He has not alleged that he filed any action in state court challenging the clerk's alleged behavior. While Applicant claims for the first time on appeal that the clerk's failure to file petitions prevented him from seeking state-court relief on this issue, we decline to consider this newly raised point. *See Rhine*, 182 F.3d at 1154.

We **DENY** Defendant's application for a COA, his motion to proceed *in forma pauperis*, and his motion to reconsider the denial of appointment of counsel.

Entered for the Court


Harris L Hartz
Circuit Judge
